**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**

|  |  |  |
|---|---|---|
| | : | |
| **TIFFANY JANSEN** | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | **Case No. :** |
| **HARTFORD LIFE AND ACCIDENT** | | |
| **INSURANCE COMPANY** | : | |
| 200 Hopmeadow Street, | | |
| Simsbury, CT 06089, | : | |
| **And** | : | |
| **FIRST AMERICA, INC. LONG-TERM** | : | |
| **DISABILITY PLAN** | | |
| 600 Vine Street, Suite 1400 | : | |
| Cincinnati, Ohio 45202, | | |
| | : | |
| **Defendants.** | : | |
| | : | |

---

## COMPLAINT

Plaintiff, Tiffany Jansen, for her Complaint against the Defendants, Hartford Life and Accident Insurance Company and First America, Inc. Long-Term Disability Plan, states as follows:

### Jurisdiction, Venue, and Parties

1.     Plaintiff Tiffany Jansen's claims arise from the wrongful termination of her long-term disability ("LTD") benefits under an employee welfare benefit plan; and seek to recover benefits due Plaintiff under the terms of the plan, to enforce and clarify her rights, for full and fair review, and for other equitable remedies.

2.      Plaintiff is a citizen of the State of Kentucky, residing in Kenton County, who, at all times relevant to this action, was a participant in the First America, Inc. Long-Term Disability Plan, sponsored by her employer, First America, Inc.

3.      Defendant, Hartford Life and Accident Insurance Company ("Hartford") is an insurance company believed to be domiciled in the state of Connecticut to whom First America, Inc. delegated its fiduciary responsibility of making benefit determinations for the Plan.  Hartford may be served at its offices, located at 200 Hopmeadow St., Simsbury, CT 06089.

4.      The First America, Inc. Long-Term Disability Plan (the "LTD Plan"), is an employee welfare benefit plan as defined by ERISA § 3(1), 29 U.S.C. §1002(1).  Pursuant to ERISA § 502(d)(1), the Plan is a distinct legal entity that may be served through its Plan Administrator, First America, Inc., at 600 Vine Street, Suite 1400, Cincinnati, Ohio 45202.

5.   Plaintiff brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA")§ 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to recover benefits and to clarify her rights to future benefits under the Plan.  The Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), (f) and 28 U.S.C. §1331, and it may assert personal jurisdiction over Defendants because they undertook to insure or sponsor an ERISA plan that affected participants residing in Kenton County, Kentucky and because the breach of the plan occurred within this judicial district.

**Claim for Relief**

6.   Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 5 of the Complaint.

7.   Plaintiff worked at First America, Inc. and paid premiums for disability benefits under a group long-term disability plan provided by First America, Inc. to its employees.

2

8.  The Plan is governed by ERISA, 29 U.S.C. § 1001 *et seq.*

9.  Plaintiff was a plan participant in and beneficiary under the Plan and entitled to seek benefits thereunder.

10. The Plan is funded through an insurance policy issued by Defendant Hartford.

11. Hartford is the Plan's claims review fiduciary and/or claims administrator with authority to determine eligibility for benefits under the Plan and provided claims administration services and made claim determinations.

12. The Plan provides for the payment of disability benefits to Plan participants who become "disabled" as defined in the Plan.

13. Plaintiff suffers from several medical conditions, including an inherited connective tissue disorder Ehlers-Danlos syndrome, hypermobile subtype, resulting in recurrent dislocations and sublaxations in her jaw, shoulders, wrists, fingers, knees, hips, ankles, feet, and ribs; chronic severe joint pain; Postural Orthostatic Tachycardia Syndrome, resulting in multiple syncope, fainting, and seizure episodes per day and cognative impairment; and bulging and herniated discs in her neck and lower back.

14. As a result of these and other conditions, Plaintiff became disabled as defined under the Plan on or about July 3, 2015 and has remained continuously disabled under the Plan.

15. Plaintiff made a timely claim for long-term disability benefits under the Plan, and Hartford approved her claim beginning on or about January 3, 2016.

16. From approximately January 3, 2016 until approximately August 31, 2017 Hartford found Plaintiff disabled under the Plan's definition of disability and Plaintiff continued to receive long-term disability benefits under the Plan.

17. Although Plaintiff's symptoms worsened over time, Hartford denied Plaintiff's claim for continued benefits under the Plan effective September 1, 2017.

18. Plaintiff timely requested a review of the denial of the claim for continued benefit by letter dated October 18, 2017 and forwarded to Hartford medical records from her treating physicians and all other necessary information for review.

19. By letter dated December 19, 2017 again Hartford denied Plaintiff's claim for continued monthly benefits under the Plan.

20. Hartford's denials constitute a breach of its obligation under the Plan and ERISA to pay benefits to Plaintiff, and Plaintiff has exhausted all administrative remedies set forth in the Plan and required by ERISA.

21. This Court should review the decision to terminate Plaintiff's claim for LTD benefits under a *de novo* standard of review because Hartford failed to follow applicable ERISA regulations, the Plan's requirements and terms, and its own policies and procedures, and because Plaintiff was denied a full and fair review.

22. Alternatively, the termination of Plaintiff's LTD benefits was wrongful, arbitrary, and capricious, and not the product of a deliberate principled reasoning process, including Hartford's wrongful disregard of the medical evidence and opinions of Plaintiff's own treating physicians; relying on the medical opinions of paid file reviewers without appropriate training or experience in the field of medicine involved in Plaintiff's claim; failing to follow its own policies and procedures; denying Plaintiff a full and fair review; and wrongfully relying on a flawed and biased record for review.

23. Hartford's decision to deny Plaintiff's claims was made under a conflict of interest, in that Hartford was deciding whether to expend its own funds to pay the claim, and this conflict of interest must be weighed in the review of Hartford's denial of the claim.

24. Plaintiff is entitled to discovery to probe and ascertain the issues of procedural due process and conflict of interest and bias under which Hartford reviewed and failed to properly adjudicate Plaintiff's claim for benefits.

25. Plaintiff was and continues to be disabled as defined under the Plan.

26. As a result of the foregoing, Plaintiff has suffered losses in the form of unpaid benefits of at least approximately $2,670.40 per month from approximately September 1, 2017 and continuing for as long as she remains disabled under the Plan or until her normal retirement age.

27. Plaintiff is entitled to a judgment against Defendants in the amount of the unpaid benefits under the Plan, as well as an order requiring the Plan to pay benefits to her for as long as she remains disabled under the Plan.  Plaintiff is further entitled to prejudgment interest and an award of attorneys' fees under ERISA § 502(g) in an amount to be proven.

WHEREFORE, Plaintiff, Tiffany Jansen, requests the Court grant her the following relief from Defendants, Hartford Life and Accident Insurance Company and First America, Inc. Long-Term Disability Plan:

a)   a judgment in the amount of all her past-due benefits under the Plan;

b)   an order requiring the Defendants and/or the Plan to pay her benefits for as long as she remains disabled;

c)   her costs and attorney's fees; and

d) all other relief to which she is entitled, including a *de novo* review of the decision to

deny the claim.

Dated: May 21, 2018

s/ Claire W. Bushorn Danzl
Claire W. Bushorn (Ky Bar No.: 94782)
**THE BUSHORN FIRM, LLC**
810 Sycamore Street
Cincinnati, Ohio 45202
513.827.5771 – phone
513.725.1148 – fax
cbushorn@thebushornfirm.com
*Trial Attorney for Plaintiff*